SCHOTT, Judge.
This case was previously submitted to a panel of this court which included Judge Hood who died prior to the rendition of the opinion appearing at 384 So.2d 560. The Supreme Court remanded the case to us for reargument because our decision was a reversal of the trial court’s judgment and because the opinion was handed down by only two of the original three judges who heard the case. The Court reasoned that defendants were denied the possibility of reargument before a five judge panel as required by La.Const. Art. 5, § 8(B) (1974), 386 So.2d 94. Having heard reargument we affirm our original opinion and reinstate our decree.
We note that appellees have continued to emphasize their position that plaintiff is not entitled to have the stock reissued because plaintiff as a pledgee of Plaia is only in an agency status and can have no greater rights than its principal. Obviously Plaia could not make that demand since it was through his fraudulent activities that the duplicate certificates were issued in the first place.
This is not a suit to compel the issuance of stock. The claim by plaintiff is for damages it sustained as a result of appellees permitting the duplicate certificates to enter the market place without taking some action to safeguard against loss which might be incurred by a holder of the original certificates, thereby breaching some duty to plaintiff. We have held simply that plaintiff stated a cause of action against appellees and is entitled to try its case.
REVERSED AND REMANDED.